Memorandum Decision
ORME, Judge:
{1 J.N. (Mother) appeals the juvenile court's adjudication that she abused and/or neglected her three biological children and her three stepchildren. We affirm.
T 2 The juvenile court took numerous facts into account before arriving at its determination, but four incidents involving Mother and the children are of particular relevance in this case. Police responded to a domestic disturbance involving Mother in August 2012. Two of Mother's stepchildren had been screaming at their father (Father) and refusing to go to their room. Mother then *769 "popped" one of them in the mouth hard enough that the blow chipped the child's tooth. While denying any intent to chip the tooth, Mother claimed she struck the child to stop her from hitting Father in the back where he had recently undergone surgery.
13 Mother called the police three months later. On this occasion, one of the teenagers had been acting out and Mother told her to hand over her iPod. The child refused, later testifying that the iPod was not her own but one that she had borrowed from her boyfriend. The child also yelled profanities at Mother. Mother then elimbed on top of the child and tried to wrestle the device away from her. While it is unclear who bit whom first, the incident entailed the child's biting Mother and Mother's admitted biting of the child, which Mother claimed to be only responsive.
1 4 Two months later, a caseworker was in the home when another fracas ensued and one of the teenagers again needed to be disciplined. Mother told the child to go to her room, but she refused. Mother asked the caseworker what she should do, and the caseworker replied that she would not tell Mother how to parent but that Mother should not physically engage the child. Mother nevertheless grabbed the child and dragged her down the stairs to her room.
15 Later that same month, Mother barricaded this same child in the basement by placing a couch in front of the basement door and then proceeded to taunt the child. The child then broke a hole in the door with a toy guitar. Mother reached through the hole and grabbed the child's hair, pulling her head into the closed door. The child testified that Mother used such force that she pulled some of the child's hair out, leaving a small bald spot. Mother testified that the child had threatened to harm or kill herself and the younger children, and that she had merely held the child's head in place to prevent the child from harming others.[2]
T6 Following these incidents, the parents placed two of the children in State custody. A third child had left the home to live with an aunt following the iPod incident. A trial was held in March 2018. The juvenile court entered its final order the next month. It found that all six of the children were abused and/or neglected by Mother and Father. Mother appeals.
17 Mother first argues that the juvenile court erred in determining that she abused the children because her behavior was justified under the "reasonable discipline," "self-defense," and "defense of others" exceptions to a finding of abuse. See Utah Code Ann. § 78A-6-105(1)(b) (LexisNexis 2012). Mother argues that she was merely trying to discipline the children when she accidentally chipped a child's tooth, tried to wrestle away the iPod, and locked a child in the basement. She also argues that she was acting in defense of self or others when she "popped" a child in the mouth in order to stop the child from hitting Father, who had recently had surgery; bit a child to get that child to release her own bite on Mother; and grabbed a child's hair through a hole in a door to prevent her from harming others.
8 "Because of the complex contextual nature of child abuse proceedings," whether behavior constitutes abuse is a highly factual question properly entrusted to the juvenile court. In re L.P., 1999 UT App 157, ¶ 9, 981 P.2d 848. Juvenile courts are required to make comprehensive and detailed factual findings in support of their ultimate conclusions. Id. 118-9. We review a juvenile court's findings for clear error, In re S.O., 2005 UT App 393, 112, 122 P.3d 686, and we review its ultimate determination of abuse only to assure that the court has not exceeded the bounds of sound discretion, see In re L.P., 1999 UT App 157, 18, 981 P.2d 848.
*770 T9 Here, the juvenile court entered detailed findings supporting its ultimate determination that Mother abused and neglected the children. The juvenile court found that Mother considers "[ylelling, screaming profanities, biting, hitting, wrestling, ete." to be normal and acceptable parenting techniques and that she has "no sense of appropriate disciplinary boundaries." The juvenile court also found that Mother was dishonest on the witness stand, that the home was lacking in sufficient food for the children, and that Mother has a "profound lack of parenting skills." Additionally, the juvenile court recounted the relevant incidents, finding that regardless of who was responsible for initiating the altercations, the parents failed "to comprehend that they played a role in the chaos of the home."
110 Because Mother has not challenged the juvenile court's factual findings, we accept them as valid and take them as the starting point of our legal analysis. See State v. Benvenuto, 1999 UT 60, 113, 983 P.2d 556. We conclude that the juvenile court did not exceed its broad discretion in determining that the children were abused and/or neglected by Mother. See In re L.P., 1999 UT App 157, ¶ 8, 981 P.2d 848.
$11 First, the juvenile court's findings certainly support a conclusion of neglect-a determination that contains no exception for reasonable discipline or defense of self or others. See Utah Code Ann. § 78A-6-105(27)(c)-(d) (Gdentifying certain religious and health care decisions as the only exceptions to a finding of parental neglect). Neglect is defined, in part, as "lack of proper parental care of a child by reason of the fault or habits of the parent" or the "failure or refusal of a parent ... to provide proper or necessary subsistence, education, or medical care, or any other care necessary for the child's health, safety, morals, or well-being." Id. § 78A-6-105(27)(a)@i)-Gii). The juvenile court did not abuse its discretion in determining that the lack of food, "profound lack of parenting skills," violence, and "chaos" in the home constituted neglect. Indeed, Mother herself even testified that she had no control over the situation or the children.
112 Second, we conclude that the juvenile court did not exceed its discretion in determining that Mother's abusive behavior was not excusable as either reasonable discipline or defense of self or others. See id. § 7T8A-6-105(1)(b). Here, the juvenile court detailed its concerns about a blow so hard that a tooth was chipped; an incident where Mother had just been told by a caseworker not to use physical discipline, but Mother saw fit to grab a child and drag her downstairs anyway; an incident that escalated from a request for surrender of an iPod to wrestling a child to the ground and sitting on her in aid of a forcible seizure of the iPod, with Mother resorting to biting the child, albeit possibly after being bitten first; and an incident where Mother pulled a child's hair through a hole in a door with sufficient force that it left a bald spot. Indeed, at one point Mother agreed to a safety plan that involved no physical discipline of the children, but she was not able to keep herself from acting out physically on the children. Under these egregious circumstances, we determine that it was not an abuse of discretion for the juvenile court to find that these attempts at discipline "went well beyond permissible 'reasonable discipline'" and that Mother "repeatedly crossed the line" and committed "physical abuse"
13 Affirmed.

. It should be noted that the children were a difficult lot. As found by the juvenile court, "Some or all of the three oldest children refuse to obey their parents, spray graffiti on the walls of their home, punch holes in the walls and doors, scream profanities at their parents and each other, go on shoplifting sprees, use illegal drugs and engage in sexual relations." The juvenile court, however, rejected the suggestion that this was due to some organic defect on the part of the children, instead attributing the fact that they were "completely out of control" to the parents' "lack of parenting skills."